IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02537-GPG

DALE JUSTIN HUDDLESTON,

      Plaintiff,

v.

STATE OF COLORADO,
ANDREW MARTINEZ, D.O.C. Officer, in His Official and Individual Capacities,
SUSAN TIONA, D.O.C. Chief Medical Officer, in Her Official and Individual Capacities,
JEFF ARCHAMBEAU, C.E.O. Correctional Health Partners, in His Official and Individual
      Capacities,
JASON LENGERIGH, Warden, Buena Vista Correctional Facility, in His Official and
      Individual Capacities,
CHAD ARGYS, B.V.C.F. Administrator, in His Official and Individual Capacities,
DOUGLAS ROBERTS, B.V.C.F. Health Service Administrator, in His Official and
      Individual Capacities,
MARSHALL GRIFFITH, B.V.C.F. Administrator, in His Official and Individual Capacities,
COLEMAN, B.V.C.F. Captain, in His Official and Individual Capacities,
TRACY COLEMAN, B.V.C.F. Executive Officer, in His Official and Individual Capacities,
ED MAHALA, C.D.O.C. Captain, B.V.C.F., in His Official and Individual Capacities,
DENWALT, B.V.C.F. Head Case Manager, in His Official and Individual Capacities,
CHRISTINE STURGEON, B.V.C.F. Medical P.A., In Her Official and Individual
      Capacities,
DEBORAH BORREGO, C.D.O.C. B.V.C.F. Medical, in Her Official and Individual
      Capacities,
MEGHAN REED, B.V.C.F. Medical Provider, in Her Official and Individual Capacities,
BETTY KASPAR, B.V.C.F. Medical Employee, in Her Official and Individual Capacities,
KERRY BARONI, B.V.C.F. Medical Provider, Health Service Administrator, in Her Official
      and Individual Capacities,
CINDY NOLD, B.V.C.F. Medical Provider, in Her Official and Individual Capacities,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections, in His
      Official and Individual Capacities, and
ANTHONY DECESARO, C.D.O.C. Step III Grievance Officer, in His Official and
      Individual Capacities.

      Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Dale Justin Huddleston, is in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Buena Vista, Colorado (BVCF).   He has filed *pro se* a Complaint (ECF No. 1), asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.   Mr. Huddleston has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Huddleston's filings liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   The Court has reviewed the Complaint and has determined that it is deficient.   For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint, on the court-approved Prisoner Complaint form.

## I.  The Complaint

Plaintiff alleges that during his 15-year incarceration, he has developed a severe degenerative condition of the spinal column, joints and ligaments.   While in CDOC custody, he has had surgeries on his spine, knee and ankle.   In 2013, an x-ray and MRI revealed "bulging disks between the L3-L4 and L4-L5 vertebra indicating 'spinal canal narrowing' and 'nerve root compression.'"   (ECF No. 1 at 4).   Mr. Huddleston alleges that he has not received any medical treatment for these conditions.   He is presently suffering from severe pain, further spinal degeneration, and loss of mobility.   Plaintiff

states that Defendants have denied him steroid injections to reduce the swelling in his lower back, and have denied him a thicker mattress to alleviate the pressure on his spine, both of which were recommended by the operating surgeon in April 2014, and ordered by the attending CDOC physician.   He alleges that Defendants have denied him a thicker mattress, even though there are several available at the facility.   He further states that he has not been given a more recent MRI or any physical therapy.   Instead, he has been prescribed "a multitude of pain medications to suppress the symptoms but no treatment to address the problem."   (*Id.*).   Mr. Huddleston asserts that the Defendants have acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.   He requests monetary and injunctive relief.

## II.   Analysis

### A. Eleventh Amendment

Plaintiff's claims against the State of Colorado are barred by the Eleventh Amendment, absent a waiver.   *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has Colorado expressly waived its sovereign immunity. *See Griess*, 841 F.2d at 1044-45. The Eleventh Amendment prohibits suit against a state, regardless of the relief sought.   *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).

3

Mr. Huddleston states that he is suing the Defendants in both their official and individual capacities.   (ECF No. 1 at 19).   Claims against state officials in their official capacities for monetary damages are construed as claims asserted against the State of Colorado, s*ee Hafer v. Melo*, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment.   *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).   However, to the extent the Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking prospective injunctive relief against the individual Defendants in their official capacities.   *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

## B.  Personal Participation

The Complaint is deficient because Plaintiff fails to allege specific facts to show each Defendant's personal participation in the alleged Eighth Amendment violations.

Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise– showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*,

4

423 U.S. 362, 371 (1976)).   A supervisor defendant is not subject to liability under § 1983

on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Huddleston sues Defendants Raemisch and Lengerich because of their

supervisor authority over other CDOC staff.   (ECF No. 1 at 10).   However, Plaintiff's

allegations are insufficient to show that the Defendants knew about, and were personally

involved, in decisions concerning Plaintiff's medical care. Plaintiff's allegations against

Defendants Archambeau, the CEO of Correctional Health Partners, Susan Tiona, the

CDOC Chief Medical Officer, and Andrew Martinez, the former CDOC chief medical

officer, are deficient for the same reason.

Furthermore, Plaintiff may not sue Defendant Lengerich or any other non-medical

provider Defendant (such as Defendants Argys, Griffith, Roberts, Captain Coleman,

Tracy Coleman, Mahala, Denwalt, and Decesaro) solely on the basis that they denied

Plaintiff's grievances or ignored Plaintiff's correspondence complaining about the denial

of adequate medical care.   The "denial of a grievance, by itself without any connection to

the violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009);

*see also   Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13,

2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to

establish personal participation in the alleged constitutional violations.") (internal

quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99

F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to

high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently

implicate the [supervisory official] under § 1983").

5

Mr. Huddleston's allegations that Defendants Roberts, Sturgeon, Borrego, Reed, Kaspar, Baroni and Nold failed to comply with the surgeon's recommendation and BVCF's physician's order that he receive a thicker mattress may state an arguable Eighth Amendment claim. *See*, *e.g.*, *Rutherford v. Medical Dept. of Dept. of Corrections*, No. 02-1279, 76 F. App'x 893, 902 (10th Cir. Sept. 24, 2003) (unpublished).   However, it is unclear what authority each of the Defendants had to provide Plaintiff with the thicker mattress, and whether each of the Defendants were personally involved in the other allegations concerning the lack of adequate medical care at BVCF.

To state an arguable Eighth Amendment claim, Mr. Huddleston must allege specific facts to show that each named Defendant acted with deliberate indifference to his serious medical needs.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   To that end, Plaintiff must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.2007).   Accordingly, it is

ORDERED that Plaintiff, Dale Justin Huddleston, file **within thirty (30) days from the date of this order,** an Amended Complaint, on the Court-approved Prisoner Complaint form, that complies with the directives in this order.   It is

FURTHER ORDERED that Mr. Huddleston shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Huddleston fails to file an Amended Complaint on the Court-approved within the time allowed, some or all of this action may be dismissed without further notice.

DATED November 30, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge