IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02537-GPG

DALE JUSTIN HUDDLESTON,

    Plaintiff,

v.

STATE OF COLORADO,
ANDREW MARTINEZ, D.O.C. Officer, in His Official and Individual Capacities,
SUSAN TIONA, D.O.C. Chief Medical Officer, in Her Official and Individual Capacities,
JEFF ARCHAMBEAU, C.E.O. Correctional Health Partners, in His Official and Individual
    Capacities,
JASON LENGERIGH, Warden, Buena Vista Correctional Facility, in His Official and
    Individual Capacities,
DOUGLAS ROBERTS, B.V.C.F. Health Service Administrator, in His Official and
    Individual Capacities,
MARSHALL GRIFFITH, B.V.C.F. Administrator, in His Official and Individual Capacities,
TRACY COLEMAN, B.V.C.F. Captain, in His Official and Individual Capacities,
ED MAHALA, C.D.O.C. Captain, B.V.C.F., in His Official and Individual Capacities,
SIMON DENWALT, B.V.C.F. Head Case Manager, in His Official and Individual
    Capacities,
CHRISTINE STURGEON, B.V.C.F. Medical P.A., In Her Official and Individual
    Capacities,
DEBORAH BORREGO, C.D.O.C. B.V.C.F. Medical, in Her Official and Individual
    Capacities,
MEGHAN REED, B.V.C.F. Medical Provider, in Her Official and Individual Capacities,
BETTY KASPAR, B.V.C.F. Medical Employee, in Her Official and Individual Capacities,
KERRY BARONI, B.V.C.F. Medical Provider, Health Service Administrator, in Her Official
    and Individual Capacities,
CINDY NOLD, B.V.C.F. Medical Provider, in Her Official and Individual Capacities,
NANCY DAVIS, BVCF Grievance Coordinator, In Her Official and Individual Capacities,
NORENE ANDERSON, BVCF Grievance Coordinator, In Her Official and Individual
    Capacities,
RICK RAEMISCH, Executive Director of the Colorado Department of Corrections, in His
    Official and Individual Capacities, and
ANTHONY DECESARO, C.D.O.C. Step III Grievance Officer, in His Official and
    Individual Capacities.

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Dale Justin Huddleston, is in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Buena Vista, Colorado (BVCF). He has filed *pro se* a Complaint (ECF No. 1), asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

On November 30, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because the State of Colorado is entitled to Eleventh Amendment immunity from suit and Plaintiff failed to allege specific facts to show each Defendant's personal participation in a deprivation of his Eighth Amendment right to adequate medical care. (ECF No. 6). Magistrate Judge Gallagher ordered Mr. Huddleston to file an Amended Complaint, on the court-approved Prisoner Complaint form, within 30 days. (*Id.*).

On December 7, 2015, Mr. Huddleston filed an Amended Complaint. (ECF No. 7). The Amended Complaint is not on the court-approved form, as directed in the November 30, 2015 Order. However, because the form used by Plaintiff follows a format substantially similar to the Court's Prisoner Complaint form, the Court will review the pleading as submitted. Mr. Huddleston is reminded that the Local Rules 1.2 and 5.1(c) of the Local Rules of Practice—Civil for this Court require litigants to use the Court-approved forms found on the Court's website.

Mr. Huddleston has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must

dismiss the action if Plaintiff's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe Mr. Huddleston's filings liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for pro se litigants. See Hall, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, this action will be dismissed in part, and the remainder drawn to a presiding judge and, if applicable, to a magistrate judge.

## I. The Amended Complaint

Plaintiff alleges that during his 15-year incarceration, he has developed a severe degenerative condition of the spinal column, joints and ligaments. While in CDOC custody, surgeries have been performed on his spine, knee and ankle. In 2013, an x-ray and MRI revealed "bulging disks between the L3-L4 and L4-L5 vertebra indicating 'spinal canal narrowing' and 'nerve root compression.'" (ECF No. 1 at 11). Mr. Huddleston alleges that he has not received any medical treatment for these conditions. He further states that he is presently suffering from a slipped disk that is causing him severe pain and loss of mobility. According to Plaintiff, one or more of the Defendants have denied him steroid injections to reduce the swelling in his lower back, and have denied him a

thicker mattress to alleviate the pressure on his spine, both of which were recommended by the operating surgeon in April 2014, and ordered by the attending CDOC physician. He alleges that Defendants have denied him a thicker mattress, even though there are several available at the facility. He further states that he has not been given a more recent MRI or any physical therapy. Instead, he has been prescribed "a multitude of pain medications to suppress the symptoms but no treatment to address the problem." (*Id.* at 12). Plaintiff alleges that he is suffering from continuing spinal degeneration and chronic pain. He asserts that the Defendants have acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Mr. Huddleston requests monetary and prospective injunctive relief.

## II. Analysis

### A. Eleventh Amendment

Plaintiff's claims against the State of Colorado are barred by the Eleventh Amendment, absent a waiver. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has Colorado expressly waived its sovereign immunity. *See Griess*, 841 F.2d at 1044-45. The Eleventh Amendment prohibits suit against a state, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).

Mr. Huddleston states that he is suing the Defendants in both their official and individual capacities. (ECF No. 1 at 19). Claims against state officials in their official capacities for monetary damages are construed as claims asserted against the State of Colorado, s*ee Hafer v. Melo*, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). However, to the extent the Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking prospective injunctive relief against the individual Defendants in their official capacities. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

### B.  Personal Participation

Mr. Huddleston fails to allege specific facts to show each Defendant's personal participation in the alleged Eighth Amendment violations.

Plaintiff was warned in the November 30 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization

or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Huddleston's allegations indicate that he is suing Defendants Raemisch and Lengerich because of their supervisor authority over other CDOC staff. (ECF No. 7 at 4-5). Plaintiff's allegations are insufficient to show that Defendants Raemisch and Lengerich knew about, and were personally involved, in decisions concerning Plaintiff's medical care, or that either Defendant affirmatively denied Plaintiff a medically-prescribed mattress. Plaintiff's conclusory assertion that Defendant Lengerich "state[d] that it is 'policy' to not issue thicker mattresses" to inmates who are not housed in the incentive unit (ECF No. 7 at 14), does not state facts to show that Defendant Lengerich knew that a CDOC physician had prescribed a thicker mattress for Plaintiff's medical condition, but Lengerich personally interfered with Plaintiff's receipt of the mattress. Conclusory assertions of personal participation are inadequate to state an arguable claim for relief under § 1983. See *Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 191 (10th Cir. Jan. 13, 2009) (unpublished) (holding complaint failed, "except for conclusory allegations, sufficiently to allege the necessary direct personal participation" by former Executive Director of CDOC in the claimed injury).

Mr. Huddleston's allegations against Defendants Archambeau, the CEO of Correctional Health Partners, Susan Tiona, the CDOC Chief Medical Officer, and Andrew Martinez, the former CDOC chief medical officer, are also conclusory and fail to show the Defendants' personal participation in the alleged violation of Plaintiff's Eighth Amendment rights.

6

Furthermore, Plaintiff may not sue the non-medical provider Defendants (including Defendants Lengerich, Argys, Griffith, Roberts, Coleman, Mahala, Denwalt, Sturgeon, Davis, Anderson and Decesaro) solely on the basis that they denied Plaintiff's grievances or ignored Plaintiff's correspondence complaining about the denial of a medically-prescribed 6" mattress. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington*, 307 F. App'x. at 193 (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").   Mr. Huddleston does not allege specific facts in the Amended Complaint to demonstrate that Defendants Jason Lengerich, Chad Argys, Marshall Griffith, Tracy Coleman, Ed Mahala, Simon Denwalt, Nancy Davis, Norene Anderson, and Anthony Decesaro were personally involved in his decisions concerning his medical care at BVCF, or that these Defendants personally prevented him from obtaining a medically-prescribed mattress. As such, these Defendants are improper parties to this action and will be dismissed.

And, finally, although Defendant Christine Sturgeon is alleged to be a "Medical Physician's Assistant" at BVCF, the only allegation against her in the Amended Complaint is that she responded to Plaintiff's Step 1 grievance by stating that Plaintiff "had violated

7

D.O.C. Administrative Regulation 850-04 concerning duplicate grievances." This allegation does not demonstrate Defendant's Sturgeon's personal involvement in the alleged denial of adequate medical care, or in the denial of a medically-prescribed mattress.

The Court will not address at this time the merits of the Eighth Amendment claims against Defendants Douglas Roberts, Deborah Borrego, Meghan Reed, Betty Kaspar, Kerry Baroni and Cindy Nold, who are medical providers or medical administrators at BVCF, for failure to comply with the surgeon's recommendation and BVCF's physician's order that he receive a thicker mattress. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the claims asserted against the State of Colorado, and against the Defendants in their official capacities, for monetary relief, are DISMISSED WITHOUT PREJUDICE as barred by Eleventh Amendment immunity.  It is

FURTHER ORDERED that the claims against Defendants Rick Raemisch, Jason Lengerich, Jeff Archambeau, Susan Tiona, Andrew Martinez, Chad Argys, Marshal Griffith, Tracy Coleman, Ed Mahala, Simon Denwalt, Christine Sturgeon, Nancy Davis, Norene Anderson, and Anthony Decesaro are DISMISSED WITH PREJUDICE as legally frivolous for Plaintiff's failure to allege the Defendants' personal participation in the alleged denial of adequate medical care.  It is

FURTHER ORDERED that Plaintiff's remaining claims against Defendants Douglas Roberts, Deborah Borrego, Meghan Reed, Betty Kaspar, Kerry Baroni and Cindy Nold, in their individual capacities, and in their official capacities for prospective

injunctive relief, shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED December 28, 2015, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court